UNITED STATES DISTRICT COURT
WESTERN DISTRICT of TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JASON WAYNE McBRIDE, # 265267, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Civil Action |
| | § | No. SA-17-CA-120-XR |
| | § | |
| COMAL COUNTY SHERIFF | § | |
| MARK REYNOLDS, ET AL., | § | |
| | § | |
| Defendants | § | |

# D I S M I S S A L   O R D E R

Before the Court is Plaintiff Jason Wayne McBride's 42 U.S.C. § 1983 Civil Rights Complaint.

**I.**

McBride is a pretrial detainee in the custody of the Comal County Jail. His § 1983 Complaint alleges without further explanation: he has been denied his right to "freely associate with Ms. Carol Jewel;" he is not treated fairly and his grievances go unresolved; the food servings are not adequate and fail to meet FDA guidelines; his law library time is limited impeding this § 1983 case and his other litigation efforts; and his Sixth Amendment right to a speedy trial is being violated and his counsel "refuses to be of any assistance." McBride sues Comal County Sheriff Mark Reynolds, Chief Brent Pallus, Major John Bell, Captain Scott Moen, Lieutenant Kelvin Marchant, and Sergeant Derrick Sassenhagen seeking injunctive relief and damages.

Because McBride's allegations were vague and conclusory, this Court entered a show cause order directing McBride to file an amended complaint stating facts in support of his claims. McBride's response to this Court's order repeats his allegations, but offers little in the way of

supporting facts. He also, for the first time and without further explanation, complains that he has been denied sunlight and his hepatitis C is not being properly treated.

## II.

Title 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii) and 1915A(b)(1)-(2) require this Court to screen an IFP or prisoner's complaint, and dismiss the complaint if the court determines it is frivolous, malicious, fails to state a claim on which relief may be granted, or the plaintiff seeks monetary relief against an immune defendant. An action is frivolous where there is no arguable legal or factual basis for the claim. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). To state a claim pursuant to Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The "[f]actual allegations must be enough to raise a right to relief above the speculative level," and "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A conclusory complaint, one that fails to state material facts, may be dismissed as frivolous, *see e.g. Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992), *Moody v. Baker*, 857 F.2d 256, 257 (5th Cir.), *cert. denied*, 488 U.S. 985 (1988), or for failure to state a claim, *see Rios v. City of Del Rio*, 444 F.3d 417, 426 (5th Cir.), *cert. denied*, 549 U.S. 825 (2006).

McBride's § 1983 Complaint fails to state a non-frivolous claim and shall be dismissed for the following reasons:

### - A -

McBride's claim his right to "freely associate with Ms. Carol Jewel" is being denied has already been addressed and dismissed by this Court. McBride was indicted on January 6, 2016 in

Comal County in Case No. CR-2016-008 for, *inter alia*, three counts of assault involving a family or household member. When he appeared before Magistrate Ellen Salyer on February 4, 2016, he was warned not to go near or communicate with his girlfriend Carol Jewel. In *McBride v. Salyer*, No. SA-17-CA-211 (W.D. Tex., *dismissed as frivolous* March 31, 2017), McBride attempted to sue Magistrate Salyer in this Court, seeking injunctive and declaratory relief and damages, claiming her order was beyond her authority and violated McBride's First Amendment right to freedom of association. Judge Biery dismissed McBride's Complaint as barred by absolute judicial immunity, the federal Anti-Injunction Act, 28 U.S.C. § 2283, and *Younger v. Harris*, 401 U.S. 37, 41, 53-54, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971), and because this Court has no authority to review state court rulings (absent habeas corpus jurisdiction which does not apply here).

A complaint may be dismissed as frivolous or malicious pursuant to §§ 1915(e)(2)(B)(i) and 1915A(b)(1) where it seeks to relitigate claims alleging substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the plaintiff. *See Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir.), *cert. denied*, 493 U.S. 969 (1989); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). McBride's claim that denying him access to Ms. Jewel violates due process and his First amendment rights was already addressed by this Court and thus is duplicative, and shall be dismissed as malicious and frivolous. *See id.* Moreover, the issue is without merit for the same reasons discussed in Case No. SA-17-CA-211-FB, i.e. the claim is barred by the Anti-Injunction Act and *Younger v. Harris* which prohibit this Court from enjoining on-going state criminal proceedings, and this Court has no authority to review State court rulings. This issue and McBride's other conclusory complaints about the criminal proceedings may be presented and addressed in the State criminal proceeding.

**- B -**

To state a § 1983 claim, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and show the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988). The case and controversy requirement of Article III of the Constitution requires that to proceed in federal court a complaint must allege an injury. *See O'Shea v. Littleton*, 414 U.S. 488, 493-95, 94 S. Ct. 669, 38 L. Ed. 2d 674 (1974). McBride fails to allege any facts (who, what, where, when) in support of his claim that food services are not adequate, he fails to describe the diet at the Comal County Jail or explain why it is inadequate, and he fails to allege how he has been injured or harmed by the diet at the Comal County Jail. McBride complains that the kitchen is not run by a licensed dietician, however even if this is so this is not a violation of his constitutional or federal rights.

**- C -**

McBride's claim that he is being denied sunlight while detained at the Comal County Jail is likewise without merit. McBride fails to allege how he has been harmed or injured by the lack of sunlight. McBride claims that Texas state law entitles him to direct sunlight, however "violation of state law alone does not give rise to a cause of action under § 1983." *See Williams v. Treen*, 671 F.2d 892, 900 (5th Cir. 1982).

**- D -**

There is no constitutional right to a grievance procedure, and thus the denial of McBride's grievances fails to present a basis for a civil rights claim. *See Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005).

## - E -

The right to access to the courts entitles a prisoner to a reasonably adequate opportunity to file nonfrivolous legal claims. *Lewis v. Casey*, 518 U.S. 343, 351, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996). To establish a claim for denial of access to the courts the plaintiff must show an "actual injury" by proving the State is hindering his efforts to pursue a nonfrivolous legal claim. *Id.* at 351, 356. McBride's access to court claim is conclusory. McBride acknowledges he is represented by counsel and has access to the law library. Furthermore, he failed to allege an injury because he failed to allege facts showing he has a non-frivolous legal claim that has been hindered. Moreover, the filing of his current § 1983 Complaint defies his claim he is being denied access to the courts.

## - F -

In a § 1983 civil rights action a plaintiff must allege the defendant was personally involved in the actions plaintiff complains of, or is responsible for the policy or custom giving rise to the constitutional deprivation. *See Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992); *McConney v. Houston*, 863 F.2d 1180, 1184 (5th Cir. 1989); *Reimer v. Smith*, 663 F.2d 1316, 1323 (5th Cir. 1981); *Howell v. Tanner*, 650 F.2d 610, 615 (5th Cir. 1981), *cert. denied*, 456 U.S. 918 & 919 (1982). An employer cannot be held liable under § 1983 on a respondeat superior theory, i.e. an employer is not liable under § 1983 solely because it employs a tortfeasor. *Monell v. Dept. Soc. Servs. City New York*, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Plaintiff fails to allege facts that would support a non-frivolous claim that Defendants were personally involved in the violation of McBride's constitutional rights or were responsible for a policy that violated his federal or constitutional rights.

For a prisoner to state a civil rights claim for the denial of adequate medical attention, the prisoner must allege the prison authorities were deliberately indifferent to the prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1978). Deliberate indifference is an extremely high standard to meet; and the prisoner must show he has a serious medical condition and the prison officers or authorities knowingly ignored his complaint, refused to provide him care, or deliberately mistreated him. *See Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 755-56 (5th Cir. 2001). Negligence is not a basis for a civil rights action under § 1983, *see Daniels v. Williams*, 474 U.S. 327, 329-336, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986), and "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner," *Estelle v. Gamble*, 429 U.S. at 106. Disagreement with a health care provider's diagnosis or course of treatment is not a basis for a civil rights action. *Wesson v. Oglesby*, 910 F.2d 278, 283 (5th Cir. 1990).

McBride's claim that his hepatitis C is not being properly treated is too vague and conclusory to state a non-frivolous civil rights claim. He does not specifically allege he is being denied medical attention, and thus his allegations could be construed as a criticism of the medical staffs' treatment or diagnosis which is not a basis for a civil rights claim. He does not allege who he requested treatment from, when he made such request, or the response he received to his request. Furthermore, McBride does not allege that he is symptomatic or he has been harmed or injured by lack of hepatitis C treatment. Moreover, he fails to allege how any of the Defendants are related to this claim or what any of the Defendants have done to deny McBride medical attention.

Qualified immunity extends to government officials performing discretionary functions "insofar as their conduct does not violate clearly established statutory or constitutional rights of

which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982). Determination of qualified immunity claims require a court to examine: whether the facts a plaintiff alleges or has shown make out a constitutional violation; and whether the constitutional right allegedly violated was "clearly established" at the time the events in question occurred. *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009). Where a plaintiff fails to show the violation of a constitutional right or the right was "clearly established" at the time, the public official is protected by qualified immunity. *Id.* at 238-43. The Defendants in their individual capacities are entitled to invoke qualified immunity, and Plaintiff failed to allege *particular facts* sufficient to show they are not entitled to qualified immunity.

### III.

Accordingly, Plaintiff McBride's Complaint is **DISMISSED WITH PREJUDICE** pursuant to §§ 1915(e)(2)(B)(i)-(iii) and 1915A(b)(1)-(2) for failure to state a non-frivolous claim and because he seeks monetary relief against immune Defendants.

**The Clerk of Court shall send a copy of this Dismissal Order and the Judgment in this case to: Keeper of the "Three Strikes List," Operations Division, U.S. District Court for the Western District of Texas, San Antonio Division, so this case may be recorded in the "Three-Strikes List."**

**DATED:** June 29th , 2017

_____
**XAVIER RODRIGUEZ
United States District Judge**